IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MELVIN COCHRAN; and GWENDOLYN COCHRAN,

    Plaintiffs,

v.

JONATHAN JONES,

    Defendant.

CIVIL ACTION NO.: 4:22-cv-189

**O R D E R**

This case is before the Court on a "Joint Stipulation and Consent Motion to Dismiss With Prejudice." (Doc. 29.) An overview of the procedural posture of the case is necessary, however. This lawsuit originally came to this Court, via removal from the State Court of Chatham County, as two separate cases arising out of the same automobile accident. (See Melvin Cochran v. Jonathan Jones, No. 4:22-cv-189 (S.D. Ga.) (doc. 1 (notice of removal from State Court of Chatham County, No. STCV22-0554)); Gwendolyn Cochran v. Jonathan Jones; and Edward Jones, No. 4:22-cv-190 (S.D. Ga.) (doc. 1 (notice of removal from State Court of Chatham County, No. STCV22-0553)).) Notably, while both suits initially named both Jonathan Jones and Edward Jones as defendants, Edward Jones was dismissed from Melvin Cochran's lawsuit prior to the removal of that case to this Court. (See doc. 1-5.) Edward Jones was not, however, dismissed from Gwendolyn Cochran's lawsuit prior to removal.

Following removal, Defendant Jonathan Jones filed a Motion to Consolidate the cases. (Doc. 19.)  While that motion was pending, Gwendolyn Cochran and Jonathan Jones filed (in Gwendolyn Cochran's separate action) a "Consent Motion and Stipulation to Drop [Edward Jones as] an Improper Party," (see No. 4:22-cv-190 (doc. 21)).  Edward Jones then filed an "Answer and Consent for Removal" in Gwendolyn Cochran's case, stating that he "den[ied] all material allegations of the Plaintiff's Complaint," but also stating that he had been advised by Gwendolyn Cochran's attorney that her claims against him were being dismissed.  (Id. (doc. 22).)  In his Answer, Edward Jones did not object to or ask for any special terms concerning his anticipated dismissal from the case.  (Id. (doc. 22).)

At a hearing on the Motion to Dismiss and the Motion to Consolidate, the Court granted both motions and thus ordered that Edward Jones be dropped from the case and that the two cases be consolidated into Civil Action No. 4:22-cv-189.  In accordance with its decision to grant both motions, the Court, in an Oral Order entry on the docket of Civil Action No. 4:22-cv-190, directed the Clerk of Court to terminate Edward Jones as a party (in Gwendolyn Cochran's case) and then to consolidate Gwendolyn Cochran's case (against sole Defendant Jonathan Jones) with Melvin Cochran's case.  (Id. (Oral Order entry dated 01/17/2023).)  Unfortunately, contrary to the Court's order dropping Edward Jones prior to consolidation, the Clerk of Court added Edward Jones as a defendant in the consolidated case, listed him as proceeding *pro se*, and has since mailed him copies of orders filed in the case following consolidation.  This treatment of Edward Jones has been in error, as there are no claims pending against him and he is not a party to this case. Accordingly, the Court **DIRECTS** the Clerk of Court to update the docket to reflect that Edward Jones was terminated on January 18, 2023.  The Court further **DIRECTS** the Clerk of Court to mail a copy of this Order to Edward Jones.

2

The foregoing background is relevant to the pending "Joint Stipulation and Consent Motion to Dismiss With Prejudice" filed by Plaintiffs Melvin Cochran and Gwendolyn Cochran and Defendant Jonathan Jones. (Doc. 29.) Based on the docket of this case (which lists Edward Jones—who previously filed an answer—as a Defendant), it would appear that this Joint Stipulation has been signed and agreed to by fewer than all parties who have appeared in the case. See Fed. R. Civ. P. 41(a)(1)(A)(ii) ("[T]he plaintiff may dismiss an action without a court order by filing: . . . a stipulation of dismissal signed by *all parties who have appeared*.") (emphasis added). However, as described above, Edward Jones has already been dismissed from the case, so the Court hereby clarifies that his signature was not required. Accordingly, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), this action has been **DISMISSED WITH PREJUDICE**. The Clerk of Court is hereby authorized and directed to **TERMINATE** any pending motions, and to **CLOSE** this case.

**SO ORDERED**, this 30th day of May, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA